IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THEODORE LEBLANC, JR.,

    Plaintiff,

  v.

ALAMEDA COUNTY JAIL,

    Defendant.
_____/

No. C 11-01246 CW (PR)

ORDER OF DISMISSAL

## INTRODUCTION

Plaintiff, a state prisoner, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at the Alameda County Jail, which is located in this judicial district. See 28 U.S.C. § 1391(b).

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

## DISCUSSION

In the instant action, Plaintiff complains that he did not receive reading materials he ordered pursuant to a policy of the Alameda County Jail that allows inmates to receive reading materials from on-line bookstores or directly from the publisher. In particular, Plaintiff complains that he ordered reading materials in accordance with the policy but never received them. Specifically, in one instance the materials were sent back to the sender's shipping department and in the other instance the materials were lost. Plaintiff seeks reimbursement of the funds he spent to order the reading materials and a change in the jail's policy.

Although Plaintiff phrases his claim as an objection to the jail's mail policy, the allegations in the complaint make clear that Plaintiff is objecting to the alleged inadequate application of the policy by jail employees. Specifically, Plaintiff complains that jail officials failed to ensure Plaintiff's receipt of the reading materials he ordered in accordance with the policy, by erroneously sending materials back to the sender and losing materials. Plaintiff's allegations fail to state a claim for relief under 42 U.S.C. § 1983. When a prisoner suffers a property loss that is random and unauthorized his remedy lies with the State, as neither the negligent nor intentional deprivation of property states a due process claim under § 1983 under such

2

circumstances.  See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, for example a state tort action, precludes relief under § 1983 because it provides adequate procedural due process.[1]  King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986).  California law provides an adequate post-deprivation remedy for any property deprivations.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff claims jail employees wrongly deprived him of his property through improper application of the jail's mail policy.  Such allegations fail to state a claim upon which relief may be granted.  Additionally, amendment of the complaint to state a claim based on such allegations would be futile.  Accordingly, this action is DISMISSED with prejudice.

CONCLUSION

For the foregoing reasons, this action is DISMISSED with prejudice and without leave to amend.

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 9/7/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

---

[1] Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property.  Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989).

3